Iris Holdings 961 42nd, LLC, Appellant,
against
Angelica Piedrahita, Respondent, et al., Undertenants.




Mizrahi Law Office, LLC (Robert N. Mizrahi of counsel), for appellant.
Brooklyn Legal Services (Jim McCormick of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), dated August 28, 2017. The order granted tenant's motion, in effect, to permanently stay a warrant of eviction in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
In this holdover proceeding to recover possession of an apartment on the ground that tenant had violated her lease by harboring pit bulls without landlord's permission, tenant moved to vacate a default final judgment that had been entered awarding landlord possession. By order dated March 7, 2017, the Civil Court, noting that tenant was harboring pit bulls in her apartment without landlord's authorization, denied tenant's motion and stated that "the warrant is stayed for a period of ten days to allow for a cure herein." Subsequently, tenant moved, in effect, to permanently stay the warrant, alleging that she had removed the pit bulls from her apartment during the cure period. Landlord opposed the motion, alleging that tenant still had a dog in the apartment. Tenant ultimately admitted that, in addition to the pit bulls, a Yorkshire terrier had been living in the apartment for two years, but asserted that it had also now been removed. The Civil Court granted tenant's motion, noting that the notice of default and March 7, 2017 order both specifically referred to the removal of pit bulls, and finding that tenant had timely cured by [*2]removing them. The court further found that, to the extent that the March 7, 2017 order "can be read to also require the removal of respondent's Yorkshire Terrier," and to the extent it can be assumed that tenant "was aware of this additional requirement to cure," tenant had complied, albeit late. 
Pursuant to RPAPL 753 (4), in a holdover proceeding based upon a claim that the tenant is in breach of the lease, "the court shall grant a ten day stay of issuance of the warrant, during which time the [tenant] may correct such breach." Where a tenant timely cures the breach upon which the holdover proceeding was predicated, issuance of the warrant will be permanently stayed (see Barmat Realty Co., LLC v Quow, 39 Misc 3d 151[A], 2013 NY Slip Op 50977[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Here, the holdover proceeding was predicated upon allegations that tenant had harbored pit bulls in her apartment, and it is undisputed that tenant timely cured that breach. The presence of the Yorkshire Terrier, which had apparently been in the apartment all along and whose presence was not the basis for the proceeding, could not properly have been a ground to deny tenant's motion to stay the warrant (see id.; Pleasantview Assn. v Chen,2001 NY Slip Op 40635[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2001]; see also Administrative Code of City of NY § 27—2009.1). 
Accordingly, the order is affirmed. 
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 24, 2019